# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY GALLO, HEATHER MCINTIRE, TIMOTHY CUSATO et al., Plaintiffs<br><br>v.<br><br>ESSEX COUNTY SHERIFF'S DEPARTMENT, Defendant | C.A. NO. |

## COMPLAINT

### INTRODUCTION

1.      This is an action for declaratory relief and monetary damages brought by the named Plaintiffs, all of whom are unionized employees of the Defendant Essex County Sheriff's Department, on behalf of themselves and others similarly situated, alleging that the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by failing to include all remuneration paid them in calculating their "regular rate of pay" for overtime purposes.

### PARTIES

2.      The Plaintiff, Jeffrey Gallo, is a resident of Chelmsford, Massachusetts.

3.      The Plaintiff, Heather McIntire, is a resident of Beverly, Massachusetts.

4.      The Plaintiff, Timothy Cusato, is a resident of Raymond, New Hampshire.

5.      The Plaintiff, Joseph L. Guy, is a resident of Hudson, New Hampshire.

6.      The Plaintiff, Joseph DiPietro, is a resident of Methuen, Massachusetts.

7. The Plaintiff, James Monecroft, is a resident of Newton, New Hampshire.

8. The Plaintiff, Danny Kao, is a resident of Lynnfield, Massachusetts.

9. The Plaintiff, Demetrios Paragios, is a resident of Danvers, Massachusetts.

10. The Defendant, the Essex County Sheriff's Department (the "Defendant"), is an instrumentality of the Commonwealth of Massachusetts.  Its principal location is in Middelton, Massachusetts.

## FACTS

11. The Plaintiffs are employed by the Defendant.

12. The Defendant is a "covered employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the FLSA").

13. The Plaintiffs are "covered employees" of the Defendant within the meaning of the FLSA.

14. The terms and conditions of the Plaintiffs' employment, including their wages, are now and have previously been set forth in a succession of collective bargaining agreements ("CBA") between the Defendant and a labor organization, the Essex County Correctional Officers Association ("ECCOA").

15. Under the CBAs, the Defendant has paid and continues to pay the Plaintiffs and similarly situated members of the ECCOA compensation in addition to their base rate of pay including roll call pay (Article 8, Section 2 B.); shift differential (Article 8, Section 6); a sick leave incentive (Article 10, Section 1A); longevity pay (Article 19, Section 5); educational incentive pay (Article 20); and fitness for duty pay (Article 40).

16. At times relevant to this action, the Defendant has required Plaintiffs to attend roll call for 15 minutes before and after their regularly schedule 8 hour shifts.

## JURISDICTION

17. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, federal question.

## VIOLATIONS OF FLSA
## COUNT I
### Failure to Include all Remuneration in the Regular Rate

18. Plaintiffs in this action have performed work for which the Defendant was required to pay additional compensation of the kind described in the paragraphs above.

19. Under the FLSA, 29 U.S.C. § 207(a)(1), a covered employer must pay a covered employee who works more than 40 hours in a workweek at a "rate not less than one and one half times the 'regular rate'" at which such an employee is employed.

20. The "regular rate" under the FLSA includes "all remuneration paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

21. Under the FLSA, pay in addition to a covered employee's base hourly pay, including shift differentials, stipends, bonuses, and other premiums, including those required by the collective bargaining agreement and described in paragraph 8 above, must be included in a covered employee's "regular rate" for overtime purposes.

22. In violation of the FLSA, the Defendant does not include all remuneration paid the Plaintiffs in calculating the regular rate of pay for overtime payments due the Plaintiffs and similarly situated employees.

23. As a result, the Defendant has failed to pay the Plaintiffs wages due and owing under the FLSA.

24.     The Plaintiffs have been harmed, injured, and damaged by the Defendant's violation of the FLSA.

## COUNT II
## Failure to Include Time Spent on Roll Call as Time Actually Worked

25.     The Plaintiffs incorporate by reference their previous allegations in this Complaint.

26.     Under the FLSA, an employer must consider all hours an employee has actually worked in a workweek in determining the employee's eligibility for overtime, and the amount of overtime it must pay the employee. 29 U.S.C. § 207(a).

27.     The Defendant has caused the Plaintiffs to suffer or perform work by requiring them to report to roll call for 15 minutes before and after their shifts.

28.     In violation of the FLSA, the Defendant has not included the time the Plaintiffs have spent on roll before and after their shifts as time worked when determining their eligibility for overtime under the FLSA, or in determining the amount of overtime it was required to pay the Plaintiffs.

29.     As a result, the Defendant has failed to pay the Plaintiffs wages due and owing under the FLSA.

30.     The Plaintiffs have been harmed, injured, and damaged as a result of the Defendant's violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a) Enter judgment for the Plaintiffs in an amount sufficient to compensate them for the full amount of their injuries and damages together with all interest and costs of this action;

(b) Award them back pay, front pay, liquidated damages, interest, costs and attorney fees, and any other damages available under the FLSA.

(c) Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all counts so triable.

        Respectfully submitted,

        THE PLAINTIFFS,

        By their attorney,

        s/Daniel W. Rice
        Daniel W. Rice
        GLYNN, LANDRY,
        & RICE, LLP
        639 Granite Street
        Braintree, MA 02184
        (781) 964-8377
        BBO # 559269

Dated: February 16, 2010