UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY GALLO, ) | |
| HEATHER MCINTIRE, ) | |
| TIMOTHY CUSATO ) | |
| Et al., Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 10-10260-DPW |
| ) | |
| ESSEX COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| Defendant ) | |

## MOTION TO DISMISS

Defendant, Commonwealth of Massachusetts, Essex County Sheriff's Department ("Department"), respectfully moves to dismiss Plaintiffs' complaint[1] under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) on the grounds that the Department is an arm of the state and under the Eleventh Amendment to the U. S. Constitution is immune from private suit for damages under the federal Fair Labor Standards Act ("FLSA"). Because the Department is an arm of the state, and because the Commonwealth has not waived sovereign immunity to consent to private suit in federal court under the FLSA, this Court does not have jurisdiction to hear Plaintiffs' claims, and this case should be dismissed with prejudice.

As set forth in more detail in the accompanying Memorandum, Plaintiffs' claims are barred for three reasons. First, the Eleventh Amendment and sovereign immunity preclude Plaintiffs' claims. The Supreme Court and the First Circuit have each held that there is no private right of action against the state under the FLSA, in either state or federal court. Second, the Department is an arm of the Commonwealth, and actions against the Department are actions

---

[1] This Motion is addressed to Plaintiffs' First Amended Complaint only. Defendant will address the new claims set forth in Plaintiffs' proposed Second Amended Complaint in its Opposition to Plaintiffs' Motion for Leave to File Amended Complaint.

against the Commonwealth.  When Essex County was abolished in 1999, its operations, employees (including the Sheriff), liabilities, debts, and assets were transferred to the Commonwealth.  The Department relies on the Commonwealth for its budget and funding.  Finally, the Commonwealth has not affirmatively waived its sovereign immunity to consent to private suits for damages brought under the FLSA.  None of the limited and specific waivers of the Commonwealth's sovereign immunity apply to the facts or legal claims in this case.  For all of these reasons, the Department, as an arm of the state, is immune from suit and Plaintiffs' complaint should be dismissed with prejudice.

**REQUEST FOR HEARING**

Defendant respectfully requests a hearing on this motion.

Respectfully submitted,

The Defendant,
Essex County Sheriff's Department

By its attorneys,

/s/ Kathryn M. Murphy
Kathryn M. Murphy, BBO No. 564789
MURPHY HESSE TOOMEY & LEHANE, LLP
75 Federal Street, Suite 410
Boston, MA 02110
617-479-5000

Dated:  July 23, 2010

against the Commonwealth.  When Essex County was abolished in 1999, its operations, employees (including the Sheriff), liabilities, debts, and assets were transferred to the Commonwealth.  The Department relies on the Commonwealth for its budget and funding.  Finally, the Commonwealth has not affirmatively waived its sovereign immunity to consent to private suits for damages brought under the FLSA.  None of the limited and specific waivers of the Commonwealth's sovereign immunity apply to the facts or legal claims in this case.  For all of these reasons, the Department, as an arm of the state, is immune from suit and Plaintiffs' complaint should be dismissed with prejudice.

**REQUEST FOR HEARING**

Defendant respectfully requests a hearing on this motion.

Respectfully submitted,

The Defendant,
Essex County Sheriff's Department

By its attorneys,

/s/ Kathryn M. Murphy
Kathryn M. Murphy, BBO No. 564789
MURPHY HESSE TOOMEY & LEHANE, LLP
75 Federal Street, Suite 410
Boston, MA 02110
617-479-5000

Dated:  July 23, 2010

**STATEMENT WITH RESPECT TO LOCAL RULE 7.1(A)(2)**

Pursuant to a schedule set forth at the June 28, 2010 scheduling conference, Defendant requested to file the above Motion to Dismiss based upon Sovereign Immunity. A schedule for filing was ordered by the judge, as set forth in the Electronic Clerk's Notes. Defendant's counsel did not have further conference with Plaintiffs' counsel on this subject, presuming that the motion was disputed based upon the hearing and discussions since that date regarding time-lines. Defendant's counsel contacted Plaintiffs' counsel late on the afternoon of the day this motion was due, in the event that further conferring was required or expected, but was unable to reach Plaintiffs' counsel.

Defendant's counsel will further confer with Plaintiffs' counsel on the subject of this motion, and will inform the court if there is any change that it is not opposed or the issues can be narrowed.

/s/ Kathryn M. Murphy
Kathryn M. Murphy

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 23, 2010

/s/ Kathryn M. Murphy
Kathryn M. Murphy