```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
JEFFREY GALLO, et al.,                 )
                                       )
            Plaintiffs,                )
                                       )
       v.                              )    No. 10-10260-DPW
                                       )
ESSEX COUNTY SHERIFF'S                 )
DEPARTMENT,                            )
                                       )
            Defendant.                 )
_____)
```

**BRIEF OF THE SECRETARY OF LABOR AS *AMICUS CURIAE***

In response to this Court's September 16, 2010 invitation to participate as *amicus curiae*, the Secretary of Labor ("Secretary") submits this brief addressing whether Defendant Essex County Sheriff's Department ("Sheriff's Department") is entitled to state sovereign immunity from Plaintiffs' Fair Labor Standards Act, 29 U.S.C. 201, et seq., ("FLSA") lawsuit.

## Background

Plaintiffs allege that the Sheriff's Department violated the FLSA and seek monetary damages in the form of unpaid wages allegedly due.  See Complaint, Docket Entry #1.  The Sheriff's Department filed a motion to dismiss arguing that it is "an arm of the state" and therefore is entitled to sovereign immunity from private lawsuits for damages under the FLSA.  See Motion to Dismiss, Docket Entry #39.

In addition, Plaintiffs filed a motion for leave to amend their complaint to add the individual sheriff of Essex County as a defendant in his official capacity and to seek an injunction requiring the sheriff to comply with the FLSA prospectively. See Motion for Leave to File Amended Complaint Pursuant to F.R.C.P. Rule 15(a)(2), Docket Entry #37.  The Sheriff's Department opposed the motion for leave to amend complaint, and Plaintiffs later withdrew their motion.  See Plaintiffs' Notice of Withdrawal of Their Motion for Leave to File Amended Complaint to Amend Complaint, Docket Entry #48.

This Court's invitation to the Secretary to participate as *amicus curiae* sought her views on both the motion to dismiss and the motion for leave to file an amended complaint.  See Docket Entry #47.  However, because Plaintiffs have since withdrawn their motion for leave to file an amended complaint, the Secretary will address only the motion to dismiss and its assertion of state sovereign immunity.

## Summary of the Secretary's Position

States and entities that qualify as an "arm of the state," although covered by the FLSA, are entitled to sovereign immunity from private lawsuits for damages under the FLSA.  The Sheriff's Department qualifies as an arm of the state because the relevant statute shows a clear intent by Massachusetts to structure the Sheriff's Department to share its state sovereignty.  See

generally Mass. Gen. Laws ch. 34B. Moreover, the hallmark reason for state sovereign immunity — preventing private parties from recovering from state treasuries — is present here, as the damages resulting from Plaintiffs' FLSA lawsuit would be wages paid from the Massachusetts treasury. Accordingly, the Sheriff's Department is entitled to state sovereign immunity from Plaintiffs' FLSA lawsuit for damages unless it has waived that immunity.[1]

### The Secretary's Position

1.   The FLSA and State Sovereign Immunity Generally.

State and local government employers are covered by the FLSA's wage protections. The FLSA defines an "employer" to include "a public agency" (29 U.S.C. 203(d)) and an "employee" to include, subject to a few exceptions not relevant here, "any individual employed by a State, political subdivision of a State, or an interstate governmental agency." 29 U.S.C. 203(e)(2)(C). Despite such coverage, the doctrine of state sovereign immunity bars private lawsuits against states for damages under the FLSA. See Alden v. Maine, 527 U.S. 706, 712 (1999) (FLSA does not abrogate state sovereign immunity, so

---

[1] Because the issue of state sovereign immunity is before this Court on a motion to dismiss and because there is no evidentiary record, the Secretary's position is based on the Massachusetts statute that structures Essex County and the Sheriff's Department as part of the state (Mass. Gen. Laws ch. 34B) and on caselaw addressing the sovereign immunity of the Sheriff's Department and similar entities.

states are not subject to private suits for damages under the FLSA unless they consent); Mills v. Maine, 118 F.3d 37, 40-41 (1st Cir. 1997) (state sovereign immunity bars FLSA suit by state employees) (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)).[2]  On the other hand, political subdivisions of states (such as counties and cities) and other governmental entities that do not share a state's sovereignty are not entitled to immunity and are subject to the FLSA.  See Alden, 527 U.S. at 756; Fresenius Med. Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003).  Accordingly, whether or not the Sheriff's Department is a state entity determines whether plaintiffs' FLSA lawsuit may proceed or is barred by sovereign immunity.

    2.   The Test for State Sovereign Immunity.

In Fresenius, the First Circuit outlined a two-part test to determine whether an entity is an "arm of the state" entitled to sovereign immunity.  See 322 F.3d at 68; see also McGee v. UMass Correctional Health, No. 09-40120-FDS, 2010 WL 3464282, at *2-4 (D. Mass. Sept. 1, 2010) (applying Fresenius two-part test to determine whether entity is arm of the state and thus immune).  The first part of the inquiry is whether the state has "clearly

---

[2] Of course, the Secretary may sue states and state entities for damages under the FLSA even when private suits would be barred.

4

structured the entity to share its sovereignty." Fresenius, 322 F.3d at 68.  If so, the inquiry ends, and the entity is entitled to sovereign immunity.  See id.; see also Pastrana-Torres v. Corporacion de Puerto Rico para la Difusion Publica, 460 F.3d 124, 126 (1st Cir. 2006) (if state has structured entity to share its sovereignty, then sovereign immunity applies).  If the analysis of the entity's structure is not conclusive, then the second part of the test becomes "dispositive."  Fresenius, 322 F.3d at 68.[3]  The second part of the test concerns "the risk that the damages will be paid from the [state] treasury" and "focuses on whether the state has legally or practically obligated itself to pay the entity's indebtedness."  Id.

    3.    <u>Application of the Test to the Sheriff's Department.</u>

Massachusetts showed a clear intent to structure the Sheriff's Department to share its state sovereignty when it abolished the government of Essex County and transferred the abolished county government's functions, duties, responsibilities, and employees, including those of the Sheriff's Department, to Massachusetts.  See generally Mass. Gen. Laws ch. 34B.[4]  Specifically, Massachusetts abolished the

---

[3] In Fresenius, the First Circuit found the entity's structure to not be conclusive that the entity was an arm of the state and reached the second part of the test.  See 322 F.3d at 72.

[4] Essex County was one of a number of counties abolished by Massachusetts and whose functions, duties, and employees were transferred to Massachusetts.  See Mass. Gen. Laws ch. 34B, § 1.

government and county commission of Essex County as of July 1, 1999 and its office of county treasurer on December 31, 2002. See id., §§ 1-3. At the same time the Essex County government was abolished, Massachusetts transferred "all functions, duties, and responsibilities" of Essex County "including, but not limited to, the operation and management of the county jail and house of correction" to Massachusetts. Id., § 4. In addition, Massachusetts assumed all of Essex County's liabilities and debts and all of its assets and revenues (see id., § 5), received all rights, title, and interest in Essex County's real and personal property (see id., § 6), and assumed all of Essex County's leases and contracts (see id., § 7).

The Massachusetts legislation that abolished Essex County and the other counties specifically addressed the Sheriff's Department and transferred it and its employees to Massachusetts. The sheriff of Essex County became "an employee of the commonwealth with salary to be paid by the commonwealth." Mass. Gen. Laws ch. 34B, § 12.[5] And the employees of the Sheriff's Department generally, such as Plaintiffs, were "transferred to the commonwealth with no impairment of employment rights held immediately before the transfer date" and became employees of Massachusetts. See id., § 14(a). Moreover,

---

[5] Although a Massachusetts employee, the sheriff remains an elected official who is chosen by the voters of Essex County. See Mass. Gen. Laws ch. 34B, § 12.

6

the employees of the Sheriff's Department were designated as "public employee[s]" (defined as executive or judicial branch employees of Massachusetts) for purposes of Massachusetts' law governing labor relations with state employees.  Id., § 13 (referencing Mass. Gen. Laws ch. 150E, § 1).  The sheriff of Essex County is the "public employer" for purposes of Massachusetts' law governing labor relations with state employees, negotiates a collective bargaining agreement with the employees of the Sheriff's Department, and submits such agreement to the governor of Massachusetts.  Id. (referencing Mass. Gen. Laws ch. 150E, §§ 1 & 7(c)).  In sum, Massachusetts abolished Essex County and clearly structured the Sheriff's Department to be a part of Massachusetts.[6]

In Fresenius, unlike here, the operative statute was not conclusive as to the structure of the entity claiming to be an arm of the state, and the First Circuit considered several factors in addition to the operative statute.  See 322 F.3d at 68-72.  Here, however, given that the statute defining the structure of the Sheriff's Department so clearly makes it a part of Massachusetts, consideration of any additional factors is unnecessary.  In sum, the Sheriff's Department is entitled to

---

[6] On its official website, Massachusetts lists the "Essex County Sheriff's Department" as one of its state agencies.  See http://www.mass.gov/?pageID=mg2subtopic&L=4&L0=Home&L1=State+Government&L2=Branches+%26+Departments&sid=massgov2&L3=All+Agencies (last visited Nov. 15, 2010).

7

state sovereign immunity under the first part of the Fresenius test.

Although the first part of the Fresenius test is dispositive as to whether the Sheriff's Department is entitled to state sovereign immunity, the second part — an analysis of whether the state treasury would be impacted — would yield the same result.  By statute, Massachusetts assumed as its own obligations all of Essex County's liabilities and debts.  See Mass. Gen. Laws ch. 34B, § 5.  Moreover, the damages available to Plaintiffs under the FLSA would be any unpaid wages due them plus an additional equal amount as liquidated damages.  See 29 U.S.C. 216(b).  Because Plaintiffs, as employees of the Sheriff's Department, are employees of Massachusetts (see Mass. Gen. Laws ch. 34B, §§ 13 & 14(a)), their wages are paid by Massachusetts.  Therefore, any unpaid wages due them would be paid by Massachusetts too.  Because the damages resulting from Plaintiffs' lawsuit would be wages from the Massachusetts treasury, the Sheriff's Department is entitled to state sovereign immunity.

Judge Saylor of this Court has previously held that the Sheriff's Department is entitled to state sovereign immunity. In Adams v. Cousins, No. 06-40117-FDS, 2009 WL 1873584, at *6 (D. Mass. Mar. 31, 2009), Judge Saylor stated that "Essex County was dissolved as a separate legal entity in 1999" and that "all

former offices and departments of Essex County are now state agencies."  Judge Saylor concluded that, "as a state agency," the Sheriff's Department is entitled to state sovereign immunity unless that immunity is waived.  Id.  See also Kelley v. Sheriff DiPaola, 379 F. Supp.2d 96, 100 (D. Mass. 2005) (because government of Middlesex County was abolished and Middlesex County Sheriff's Office became a state agency, sheriff of Middlesex County is entitled to state sovereign immunity when sued in his official capacity); Broner v. Flynn, 311 F. Supp.2d 227, 233 (D. Mass. 2004) (because government of Worcester County was abolished, its sheriff became a Massachusetts employee, and its functions, duties, and responsibilities were transferred to Massachusetts, lawsuit against sheriff in his official capacity is lawsuit against Massachusetts and is thus barred by sovereign immunity); Jones v. City of Boston, No. 03-12130-RGS, 2004 WL 1534206, at *2 (D. Mass. July 9, 2004) (Suffolk County District Attorney's Office is state agency and therefore entitled to state sovereign immunity).  In sum, the relevant caselaw supports the position that the Sheriff's Department is entitled to state sovereign immunity.

Finally, the Secretary does not have a position regarding Plaintiffs' assertions that: (1) the Sheriff's Department waived its sovereign immunity specifically with respect to those employees who were employed as of the date on which the

9

Sheriff's Department was made a part of Massachusetts because the statute (Mass. Gen. Laws ch. 34B, §§ 14(a) & 15) provided that the employees were transferred to Massachusetts "with no impairment of employment rights held immediately before the transfer date" and "without impairment of seniority, retirement or other statutory rights," and (2) the Sheriff's Department waived its sovereign immunity generally by allegedly consenting to prior lawsuits under the FLSA.  See Plaintiffs' Memorandum in Opposition to the Motion to Dismiss of the Defendant Essex County Sheriff's Department, Docket Entry #45.

## Conclusion

For the foregoing reasons, the Sheriff's Department is entitled to state sovereign immunity from Plaintiffs' FLSA lawsuit for damages unless it has waived that immunity.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

WILLIAM C. LESSER
Acting Associate Solicitor

JONATHAN M. KRONHEIM
Counsel for Trial Litigation


/s/DEAN A. ROMHILT
DEAN A. ROMHILT
Attorney
Fair Labor Standards Division
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., N.W.
Room N-2716
Washington, D.C.  20210
(202) 693-5550

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Brief of the Secretary of Labor as *Amicus Curiae* was served on this 15th day of November, 2010, via this Court's ECF system and by overnight delivery on each of the following:

| | |
|---|---|
| Daniel W. Rice | Kathryn M. Murphy |
| Glynn, Landry & Rice, LLP | Murphy Hesse Toomey & Lehane, LLP |
| 10 Forbes Road | 75 Federal Street, Suite 410 |
| Braintree, MA  02184 | Boston, MA  02110 |

/s/DEAN A. ROMHILT
DEAN A. ROMHILT